**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ABRAHAM J. MOORE, | : | |
| Plaintiff, | : | Civil Action No. 06-1373 (JAG) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PASSAIC COUNTY TECHNICAL INSTITUTE, PASSAIC COUNTY BOARD OF EDUCATION, and DIANA LOBOSCO | : | |
| Defendants. | : | |

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before the Court on the motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), Plaintiff Abraham J. Moore's ("Plaintiff" or "Moore") Complaint for failure to state a claim upon which relief can be granted by Defendants Passaic County Technical Institute ("PCTI"), Passaic County Board of Education (the "PCBOE"), and Diana Lobosco (collectively, "Defendants"). For the reasons set forth below, this motion will be granted.

### FACTUAL AND PROCEDURAL HISTORY

      Plaintiff, who filed his Complaint pro se but retained counsel to file his opposition to this motion, is a former employee of PCTI. Plaintiff filed his Complaint on March 23, 2006, alleging, inter alia, that over a period of approximately eight years, Plaintiff was the subject of racial discrimination, retaliation, and harassment. Defendants filed the present motion to dismiss in lieu of an answer on May 22, 2006. Plaintiff filed his opposition brief on September 11, 2006

and Defendants filed their reply brief on September 19, 2006.

The majority of the underlying facts that give rise to this action were the subject of a prior proceeding in the Superior Court (Passaic County) of New Jersey (the "State Court Action"). The factual and legal issues that arose in the State Court Action, and the Superior Court's Order Granting Summary Judgment to the Defendants,[1] are critical to the determination of the instant motion. Thus, this Court provides a brief summary of the events giving rise to this claim and of the State Court Action.

Plaintiff is a former student and current employee of PCTI. (Compl. at 1). In May 1992, PCTI hired Plaintiff as a custodian and bus driver. (Compl. at 1). Plaintiff continued to work as a bus driver until PCTI outsourced that service in 2000. (Compl. at 18-19).

The factual underpinnings of the Complaint begin in 1996, when Plaintiff and his wife, Sandra Moore, were disciplined following a football game between PCTI and Paterson Catholic. (Compl. at 11-13). Plaintiff alleges that after transporting students to the game, he and his wife were approached by his supervisor and asked to perform custodial duties. His wife refused because of an injury to her leg which occurred the previous day. Moore refused because he was on his lunch break. (Compl. at 12). Moore claims he and his wife were then ordered to leave for the day. PCTI contends that Moore and Sandra Moore clocked out without permission. As a result of the incident, Plaintiff and his wife were suspended from driving buses for eighteen months. (Compl. at 13).

---

[1] The defendants in the Superior Court action, Moore v. Passaic County Technical Institute, et al., Docket No. PAS-L-10-03 included the defendants named in this action and Salvatore Antonelli, Richard Faulkner, Diana Lobosco, Richard Giglio, Rubye Baker, and NJEA Regional 27 (the "State Action Defendants").

After this incident, Plaintiff and his wife began filing complaints of discrimination, harassment, and retaliation against PCTI and their supervisors at PCTI. (Compl. at 14-15). Sandra Moore made complaints internally to management and union authorities and in August 1999 filed a lawsuit against PCTI. (Compl. at 14-15, 18). Plaintiff claims that he and his wife suffered retaliation based on the filing of these complaints. (Compl. at 14). Also during this time period, PCTI ascertained a decline in the quality of Plaintiff's work. (Affidavit of Eric L. Harrison ("Harrison Aff."), Exhibit B). PCTI's dissatisfaction with Plaintiff's performance culminated in 2002, when PCTI attempted to terminate Plaintiff for his excessive absenteeism. (Compl. at 9). Plaintiff was terminated and then reinstated after he provided documentation from his treating physician. (Compl. Ex. K).

In December 2002, Plaintiff filed the State Court Action against PCTI, PCBOE, Lobosco and the State Action Defendants. (Harrison Aff., Ex. A). Plaintiff sought damages for racial discrimination, hostile work environment and retaliation under the New Jersey Law Against Discrimination ("LAD"), N.J. Stat. Ann. §§ 10:5-1 to 51, and the Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. §§ 34:19-1 to 8. (Harrison Aff., Ex. A). He complained of being assigned to clean the girls' locker room in October 2000. He contended that he was more closely monitored than his Caucasian counterparts and disciplined more severely for less serious offenses. (Harrison Aff., Ex. A). Plaintiff also alleged that PCTI retaliated against him for filing complaints against PCTI and for writing letters complaining about, what Plaintiff believed to be, racially insensitive policies. (Harrison Aff., Ex. A).

Plaintiff further claimed he was subject to differential and disparate treatment in discipline, in promotion, and in allocation of overtime projects. (Harrison Aff., Ex. A).

Specifically, Plaintiff alleged that he was denied: 1) promotion to the maintenance department; 2) overtime in 1999; 3) transfer from his current shift to the day shift in 1997 and in 2000; 4) assignment to bus driving duties after the spring of 2000. (Harrison Aff., Ex. A). Plaintiff also made claims against his union, NJEA Regional 27, for failing to represent him during the above-referenced occurrences. (Harrison Aff., Ex. A).

Discovery in the state court action ended on July 14, 2006 and on July 16, 2006, PCTI, PCBOE, and Lobosco filed a motion for summary judgment. (Def.'s Br. at 7). Before oral argument, counsel for Plaintiff, Paula Garrick, filed a motion to be relieved as counsel and an adjournment of oral argument. The former motion was granted on November 3, 2004, but the latter was denied. Following oral argument, the Superior Court granted summary judgment as to inter alia, PCTI, PCBOE, and Lobosco on November 3, 2004. (Harrison Aff., Ex. D).

On November 22, 2004, Plaintiff filed a motion for reconsideration, pro se. (Certification of Abraham J. Moore ("Moore Cert."), Ex. LL). The motion contained new allegations that tenure charges filed against Plaintiff, on March 5, 2004, were racially motivated. (Moore Cert., Ex. LL). The motion for reconsideration was denied on January 13, 2005. Plaintiff filed his Notice of Appeal on February 14, 2005. (Harrison Cert., Ex. E). While that appeal was pending, Plaintiff instituted this action.

Plaintiff alleges the same claims litigated in the state court action, with the addition of a civil rights claim, pursuant to 42 U.S.C. § 1983. The facts that Plaintiff presented to the Superior Court are largely identical to those presented in the instant federal action. The only new facts produced in the instant action refer to the tenure charges filed against Plaintiff in March 2004 – approximately five months before the discovery deadline imposed by the Superior Court. The

actions also differ in that Plaintiff has only filed against PCTI, PCBOE, and Lobosco leaving out several defendants from the state court action.

By this motion, Defendants assert that they are entitled to dismissal for failure to state a claim, based on res judicata, or claim preclusion, and New Jersey's entire controversy doctrine.

## ANALYSIS

I.  **Governing Legal Standards**

   A.  Standard for a Rule 12(b)(6) Motion to Dismiss

Defendants have framed their motion as a motion to dismiss under FED. R. CIV. P. 12(b)(6). However, when the parties present extraneous material as part of their motion or opposition, this Court has discretion as to whether to accept the extraneous information and thereby convert the motion into a motion for summary judgment. See FED. R. CIV. P. 12(b); see Rose v. Bartle, 871 F.2d 331, 339-40 (3d Cir. 1989); Koernschild v. W.H. Streit, Inc., 834 F.Supp. 711, 713-714 (D.N.J. 1993); Elysian Federal Savings v. First Interregional Equity, 713 F.Supp. 737, 740 (D.N.J. 1989); 5 Charles Wright & Arthur Miller, Federal Practice and Procedure § 1366 at 678 (West 1969 & Supp. 1989). This Court has relied on matters outside the pleadings and will, therefore, address the instant motion as one for summary judgment.[2]

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law."

---

[2] Upon reviewing the parties' submissions, this Court determined that the matter could not be resolved without reference to matters outside the pleadings. This Court anticipated the possible sua sponte conversion of Defendants' motion into a Rule 56 motion for summary judgment. See Couden v. Duffy, 446 F.3d 483, 500 (3d Cir. 2006). On October 5, 2006, this Court ordered additional briefing in order to provide Plaintiff with notice and an opportunity to present evidence relevant to the converted motion. On November 6 and 8, the parties filed their supplemental briefs. This Court has considered those briefs in reaching its conclusion.

FED. R. CIV. P. 56(c). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material if, under the substantive law, it would affect the outcome of the suit. See Anderson, 477 U.S. at 248. The moving party must show that, if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. See Celotex v. Catrett, 477 U.S. 317, 318 (1986).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. See Sound Ship Bldg. Co. v. Bethlehem Steel Co., 533 F.2d 96, 99 (3d Cir. 1976), cert. denied, 429 U.S. 860 (1976). At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. See Wahl v. Rexnord Inc., 624 F.2d 1169, 1181 (3d Cir. 1980).

## DISCUSSION

Defendants assert that they are entitled to summary judgment on the grounds that res judicata and New Jersey's entire controversy doctrine preclude Plaintiff's claims. Upon reviewing the parties' submissions, this Court agrees. Plaintiff's Complaint must be dismissed in

its entirety.

**I.      Claim Preclusion**

Defendants argue that claim preclusion bars all of Plaintiff's claims against them. This Court agrees.

Federal and New Jersey law require the same basic elements for claim preclusion to apply:

> (1) the judgment in the final action must be valid, final, and on the merits; (2) the parties in the later action must be identical to[,]or in privity with[,] those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.

Watkins v. Resorts Int'l Hotel and Casino, Inc., 124 N.J. 398, 412 (1991) (citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 398 (1981)).

The three requirements for the application of claim preclusion principles are satisfied here. First, the judgment in the State Court Action was valid, final, and on the merits. The state court judgment is valid, because the court had subject matter jurisdiction over the action and personal jurisdiction over the parties. See Peduto v. City of North Wildwood, 696 F. Supp. 1004, 1008 (D.N.J. 1988) (citing Massie v. Erie R.R. Co., 196 F.2d 130, 134 n.12 (3d Cir. 1952)). The prior judgment is final because "the law is clear that summary judgment is a final judgment on the merits sufficient to raise the defense of res judicata in a subsequent action between the parties." Hubicki v. ACF Industries, Inc., 484 F.2d 519, 524 (3d Cir. 1973). Furthermore, summary judgment is a judgment "on the merits" for claim preclusion purposes. Peduto, 696 F. Supp. at 1008 (citing Martucci v. Mayer, 210 F.2d 259, 260-61 (3d Cir. 1954)).

Second, the parties in this action are identical to, or in privity with, those in the prior action. See id. (citing Eatough v. Bd. of Med. Exam'rs, 191 N.J. Super. 166 (App. Div. 1983)

7

(stating that there must be an identity of causes of action, parties, and issues)). Plaintiff brings this claim against three of the same defendants, PCTI, PCBOE, and Lobosco, against whom he litigated in the state court action.

Third, both cases involve the "same claim," which may comprise multiple causes of action, so long as they arise out of the same transaction or occurrence. Id. at 599 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982)). Here, both cases arise from the same series of events – the incident at the football game in 1996 and the subsequent deteriorating relationship between PCTI and Plaintiff. Therefore, the "same claim" requirement has been satisfied.

To be sure, the federal complaint seeks relief for harms that were not asserted previously in the state action. Specifically, Plaintiff now alleges a civil rights claim under 42 U.S.C. § 1983. The fact that he has added new claims is unavailing. Claim preclusion applies not only to matters actually determined in an earlier action, but also to all relevant matters that could have been so determined.[3] Id. at 599 (citing Angel v. Bullington, 330 U.S. 183, 192-92 (1947)).

Further, Plaintiff asserts in the federal complaint, claims regarding the tenure charges brought against him in 2004. This claim, as well, could have been litigated. Plaintiff's tenure charges arose on March 5, 2004 – approximately three months before the court-ordered end of the discovery period and while plaintiff still retained counsel. Under New Jersey Court Rule 4:9-2, plaintiff could have amended his pleading to reflect the tenure charges, but did not.

Because these additional claims arise from the same factual underpinnings of the State Court Action, and could have been raised in the state court action, they are precluded from being

---

[3]Stated differently, if a claim could not have been presented in the first action, then it will not be precluded in a subsequent action. See Watkins, 124 N.J. at 412-13.

asserted here.

**II.    ENTIRE CONTROVERSY**

Defendants further assert that the entire controversy rule in New Jersey precludes Plaintiff from seeking relief. The application of this rule to Plaintiff's action provides a separate and independent basis for disposing of Plaintiff's claims.

Federal courts must honor the judgments of state courts to the same extent that the court that entered the judgment would honor it. See 28 U.S.C. § 1738. Therefore, a federal court deciding a federal cause of action is bound by the entire controversy rule when determining the effect of a prior New Jersey state court judgment. Rycoline Products, Inc. v. C & W Unlimited, 109 F.3d 883, 887 (3d Cir. 1997).

Under this equitable rule, "a party cannot withhold part of a controversy for separate[,] later litigation, even when the withheld component is a separate and independently cognizable cause of action." Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 137 (3d Cir. 1999). Moreover, the doctrine requires a party to raise all affirmative claims that it might have against another party, including counterclaims and cross claims, and to join "all parties with a material interest in the controversy" or be barred from bringing a later action "involving the same underlying facts." Codgell v. Hospital Ctr., 116 N.J. 7, 23 (1989).

The rule is intended to serve three purposes: (1) complete and final disposition of cases without piecemeal adjudications; (2) fairness to the parties in the action and to others with a material interest in the action; and (3) efficiency. DiTrolio v. Antiles, 142 N.J. 253, 267 (1995). For this rule to apply, the party whose claim is sought to be barred must have had a fair and reasonable opportunity to have fully litigated that claim in the original action. Fisher v. Yates, 270 N.J. Super. 458, 469 (App. Div. 1994).

Plaintiff's civil rights claims, under 42 U.S.C. § 1983, were available to him throughout the State Court Action. Plaintiff may not "withhold" these claims for a subsequent trial. In addition, Plaintiff had a fair and reasonable opportunity to pursue relief under such a claim while his state court action was pending.

Plaintiff also had a fair and reasonable opportunity to amend his state court complaint to make claims regarding the tenure charges brought against him. The New Jersey Court Rules allow for the liberal amendment of pleadings. See N.J. Court R. 4:9-1 & 2. Plaintiff became aware of the tenure charges over three months before the court ordered an end to discovery, but failed to amend.

Therefore, pursuant to New Jersey's entire controversy doctrine, Plaintiff should have sought relief for all his claims in the instant controversy. This rule was designed to avoid what Plaintiff appears to be attempting here – the piecemeal litigation of issues – based on an underlying incident common to both actions. Accordingly, Defendants are entitled to summary judgment on all counts of the federal complaint against Plaintiff.

## CONCLUSION

For the reasons stated above, this Court grants Defendants' converted motion for summary judgment. Claim preclusion and New Jersey's entire controversy doctrine bar all claims that Plaintiff asserts in the complaint.

    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: December 21, 2006